FILED
 2011 Dec-21  AM 10:57
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CALVARETTA BAILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 11-G-1174-S |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

The plaintiff, Calvaretta Bailey, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that

end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." Bloodsworth, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish his entitlement for a period of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i). For the purposes of establishing entitlement to disability benefits, "physical or mental impairment" is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R. § 404.1520 (a)-(f). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

    (3)    whether her impairment meets or equals one listed by the Secretary;

    (4)    whether the claimant can perform her past work; and

    (5)    whether the claimant is capable of performing any work in the national economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir. 1993); accord  McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job."  Pope, at 477; accord Foot v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).

        In the instant case, the ALJ, Michael L. Brownfield, determined the plaintiff met the first two tests, but concluded  did not suffer from a listed impairment.  The ALJ found the plaintiff was able to perform her past relevant work, and accordingly found her not disabled.

## THE STANDARD FOR REJECTING THE TESTIMONY OF A TREATING PHYSICIAN

        As the Sixth Circuit has noted:  "It is firmly established that the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim."  Hall v. Bowen, 837 F.2d 272, 276 (6th Cir. 1988).  "The testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary."

McGregor v. Bowen, 786 F.2d 1050, 1053 (11th Cir. 1986); accord Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1216 (11th Cir. 1991).  In addition, the Commissioner "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight ...."  McGregor, 786 F.2d at 1053.  If the Commissioner ignores or fails to properly refute a treating physician's testimony, as a matter of law that testimony must be accepted as true.  McGregor, 786 F.2d at 1053; Elam, 921 F.2d at 1216.  The Commissioner's reasons for refusing to credit a claimant's treating physician must be supported by substantial evidence.  See McGregor, 786 F.2d at 1054; cf. Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987)(articulation of reasons for not crediting a claimant's subjective pain testimony must be supported by substantial evidence).

## DISCUSSION

In the present case the plaintiff alleges she is disabled due to pain in her hands and in her knee.  Record 48.  She rated this pain as a ten on a scale of one-to-ten.  Record 48.  The plaintiff testified that because problems with her knee, she is no longer able to use the steps in her house.  Record 48.  She testified that she takes Lortab, Neurontin, and muscle relaxers for her pain.  Record 49.

The plaintiff's treating orthopedic surgeon, Dr. Floyd, completed a clinical assessment of pain form on June 9, 2008, on which he indicated that the plaintiff's "[p]ain is present to such an extent as to be distracting to adequate performance of daily activities or work."  Record 245.  Dr. Floyd indicated on the form that the plaintiff has an

underlying medical condition consistent with the pain she experiences.  Record 246.  At the plaintiff's ALJ hearing a vocational expert was asked whether the plaintiff would be able to work if Dr. Floyd's clinical assessment of pain was credited.  He responded that pain at the level indicated by Dr. Floyd "would prevent work."  Record 63.  Unless the ALJ properly discredited Dr. Floyd's opinion, it must be accepted as true, and the plaintiff must be found disabled based upon the expert vocational testimony.

The ALJ gave the following reasons for refusing to credit Dr. Floyd's clinical assessment of pain form:

> The medical source opinion and clinical assessment forms (Exhibit 5F) completed by James Floyd, M.D., a treating source, are not afforded controlling weight as they appear to be inconsistent with his own clinical findings of record and largely based upon the claimant's subjective allegations, which are not credible.  Dr. James Anderson testified at the hearing that the medical evidence of record did not support the opinions of Dr. James Floyd.

Record 19.  Contrary to the ALJ's assertion, Dr. Floyd's treatment records support his conclusion that the plaintiff suffered from severe pain.  On numerous visits, Dr. Floyd indicated that the plaintiff's pain was at the severe level.  Eg., Record 205 ("9"), 261 ("8"), 274 ("9").  On April 16, 2008, Dr. Floyd's treatment note states that the plaintiff had experienced right knee pain for many years.  Record 261.  Dr. Floyd noted that the plaintiff had had two arthroscopic knee surgeries, and had undergone physical therapy, with "minimal relief."  Record 261.  At this visit Dr. Floyd gave the plaintiff a knee

injection in an attempt to relieve her pain.  She was also to continue physical therapy.  Record 261.

Although the ALJ asserts that Dr. Floyd's opinion as to the severity of plaintiff's pain was based primarily upon the plaintiff's subjective complaints, he cites no specific reasons for this conclusion.  The clinical assessment of pain form requested Dr. Floyd to answer the questions "according to your best clinical judgment in this case."  Record 245.  Dr. Floyd's treatment notes do not indicate that his treatment of the plaintiff's pain was based primarily upon her subjective complaints.  Therefore, this conclusion is not based upon substantial evidence.

The only other reason given by the ALJ for refusing to credit Dr. Floyd's clinical assessment of pain form was that a medical expert at the ALJ hearing testified that the record does not support Dr. Floyd's opinion.  At the hearing the ALJ asked the medical expert whether he agreed with Dr. Floyd's opinion.  His response was as follows: "I do not.  I don't believe the Cooper Green record oddly file [sic], reputable file [sic] as a whole to support that."  Record 63.  This is the entire extent of the medical expert's testimony concerning Dr. Floyd's clinical assessment of pain form.  The medical expert did not give any example from Dr. Floyd's treatment records to support this conclusion.  Nor did he cite to any other specific medical record to support his conclusion.  Such an unsupported conclusion does not provide substantial evidence to support discrediting Dr. Floyd's clinical assessment of pain form.

Neither the ALJ, nor the medical expert, cited specific evidence in the treatment record that contradicted Dr. Floyd's opinion.  Nor did the ALJ cite any evidence to support his conclusion that Dr. Floyd based his opinions on the plaintiff's subjective complaints.  The ALJ's credibility finding with respect to Dr. Floyd's clinical assessment of pain form, therefore, amounts to nothing more than a conclusion without supporting facts.  Accordingly, the reasons cited by the ALJ for refusing to credit Dr. Floyd are not supported by substantial evidence, and his clinical assessment of pain form must be accepted as true.  Based upon that clinical assessment of pain form, the vocational expert testified that the plaintiff would be unable to work.  Accordingly, she is disabled within the meaning of the Social Security Act.  This is a case where "the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt."  Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993).  In such a case the action should be reversed and remanded with instructions that the plaintiff be awarded the benefits claimed.  Id.  An appropriate order will be entered contemporaneously herewith.

DONE this 21 December 2011.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.